■ In the Matter of LUCILLE P. PATTISON, Individually and as County Executive of the County of Dutchess, et al., Respondents-Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY, Appellant-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Metropolitan Transportation Authority (hereinafter MTA) in its annual billing statement, imposing certain charges upon Dutchess County pursuant to Public Authorities Law § 1277, the MTA appeals from so much of a judgment of the Supreme Court, Dutchess County (Rosenblatt, J.), entered October 1, 1986, as granted the petitioners' challenge to the MTA's charge to the county for a wrongful death settlement in the amount of $235,369, and the petitioners cross-appeal from so much of the same judgment as denied their challenge to the MTA's charge to the county for snow removal costs in the amount of $52,260.

Ordered that the judgment is affirmed, without costs or disbursements, for reasons stated by Justice Rosenblatt in his memorandum dated October 1, 1986.

We would add that the MTA's certification of the $235,369 wrongful death settlement as chargeable to the county as an

"operation, maintenance and use" expense of the station (Public Authorities Law § 1277) was arbitrary and capricious *(see,* CPLR 7803 [3]; *Metropolitan Transp. Auth. v City of New York,* 32 AD2d 197, *mod* 26 NY2d 817). Thus, the Supreme Court properly upheld the petitioners' challenge to this charge. However, the petitioners' challenge to the $52,260 snow removal charge was properly denied since the MTA had a rational basis for imposing this charge upon the county *(see, Matter of Fazio v Joy,* 58 NY2d 674). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur. *[See,* 133 Misc 2d 592.]